UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN E. SPENLINHAUER, ET AL.,   )<br>                                )<br>       PLAINTIFFS    )<br>                                )<br>v.                            )<br>                                )<br>R.R. DONNELLEY & SONS   )<br>COMPANY, ET AL.,          )<br>                                )<br>       DEFENDANTS  )| CIVIL NO. 08-13-P-H |

**ORDER ON PLAINTIFFS' MOTION TO REMAND**

The outcome of the plaintiffs' motion to remand depends upon the interpretation of a forum selection clause to which the parties agreed when they entered into their stock purchase agreement. The clause provides:

> Section 9.9 **SUBMISSION TO JURISDICTION; SELECTION OF FORUM.** EACH PARTY HERETO AGREES THAT IT SHALL BRING ANY ACTION OR PROCEEDING IN RESPECT OF ANY CLAIM ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTAINED IN OR CONTEMPLATED BY THIS AGREEMENT, WHETHER IN TORT OR CONTRACT OR AT LAW OR IN EQUITY, EXCLUSIVELY IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE, THE SUPREME COURT OF THE STATE OF NEW YORK FOR THE COUNTY OF NEW YORK OR THE COURTS OF THE STATE OF MAINE (THE "CHOSEN COURTS") AND (I) IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE CHOSEN COURTS, (II) WAIVES ANY OBJECTION TO LAYING VENUE IN ANY SUCH ACTION OR PROCEEDING IN THE CHOSEN COURTS, (III) WAIVES ANY OBJECTION THAT THE CHOSEN COURTS ARE AN INCONVENIENT FORUM OR DO NOT HAVE JURISDICTION OVER ANY PARTY HERETO AND (IV) AGREES THAT SERVICE OF PROCESS UPON SUCH PARTY OR SUCH PARTY'S AUTHORIZED AGENT IN ANY

>SUCH ACTION OR PROCEEDING SHALL BE EFFECTIVE IF
>NOTICE IS GIVEN IN ACCORDANCE WITH SECTION 9.3 OF
>THIS AGREEMENT.

Pls.' Mot. to Remand, Ex. 1 § 9.9 (Docket Item 11-2).

Obviously the parties to the agreement agreed that their disputes would be resolved in four forums and not elsewhere: specifically, if federal court, either the Southern District of New York or the District of Maine; or if state court, either the New York Supreme Court for New York County, or any state court in Maine. Those courts are collectively defined as the "chosen courts." Each party waived jurisdiction, venue, and *forum non conveniens* as to those "chosen courts." But the clause does not specify how a choice is to be made among those forums or who gets to make the choice. Here, the plaintiffs filed this lawsuit in Maine Superior Court for York County, clearly one of the "chosen courts." The defendants do not dispute the propriety of its being filed there. The defendants then removed the lawsuit to federal court for the District of Maine, also clearly one of the "chosen courts." The plaintiffs do not dispute the propriety of removal under statutory removal principles. But they do maintain that the forum selection clause took away the defendants' right to remove the case from one of the "chosen courts" to another of the "chosen courts."

I conclude that the forum selection clause does not deal with the removal issue.[1] This is not a clause that gave one party the right to choose the forum.

---

[1] Accord QFA Royalties LLC v. Bogdanova, No. 06-cv-01776, 2006 WL 3371641, *2-3 (D. Colo. Nov. 21, 2006) (concluding that the forum selection clause, which waived objections to personal jurisdiction or venue in the chosen courts, did not waive the parties' rights to remove from one chosen court to another chosen court); Newly Weds Foods, Inc. v. A.M. Todd Group, Inc., No. 03 C
*(continued on next page)*

See, e.g., Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796, 797-98 (5th Cir. 2001) ("Company . . . agrees" to suit in any court of Texas, "consents to the jurisdiction of each such court," and "waives any objection" to venue "in any of such courts"); Snapper Inc. v. Redan, 171 F.3d 1249, 1260 (11th Cir. 1999) (choice of forum among chosen courts "all as Creditor may elect"). Instead, each party to the contract agreed to all four forums, with no specification of precedence. The removal here does not amount to an attack on personal jurisdiction or venue[2] in Maine Superior Court, or an assertion of *forum non conveniens* principles, the subject of the clause's waiver and submission language. Instead, even if jurisdiction and venue in Maine Superior Court are accepted and even if the forum is not inconvenient, statutory removal is still available to a defendant, and this contractual language says nothing different. Because this forum selection clause does not cover removals from one of the "chosen courts" to another, I need not decide whether waivers of a right to removal must be clear and unequivocal. Compare Snapper, 171 F.3d at 1260 (rejecting "clear and unequivocal" standard) with QFA Royalties LLC, 2006 WL 3371641, at *2 (adopting "clear and unequivocal" standard) and Newly Weds Foods, Inc., 2004 WL 755703, at *1 (same).

---

7827, 2004 WL 755703, *1 (N.D. Ill. Feb. 18, 2004) (consent to jurisdiction within a particular region does not waive removal rights); RBC Mortgage Co. v. Couch, 274 F. Supp.2d 965, 969-70 (N.D. Ill. 2003) (same).

[2] But see iNet Directories LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005) (per curiam) (contractual waiver of venue waives a right of removal).

The motion to remand is **DENIED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF FEBRUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**